PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| **United States District Court** | District CENTRAL DISTRICT OF ILLINOIS | |
|---|---|---|
| Name Todd Kegel | Prisoner No. R-14664 | Case No. |
| Place of Confinement Graham Correctional Center, P.O.Box 499, Hillsboro, Illinois 62049 | | |
| Name of Petitioner (include name under which convicted) Todd Kegel | V. | Name of Respondent (authorized person having custody of petitioner) Illinois Department Of Corrections Andrew K. Ott-Warden, CAO |

The Attorney General of the State of: Illinois

## PETITION

1. Name and location of court which entered the judgment of conviction under attack   Circuit Court of Winnebago County, in Rockford, Illinois 61101.

2. Date of judgment of conviction   May 27, 2005

3. Length of sentence   N/A

FILED
APR - 7 2008
APR - 7 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

4. Nature of case involved (all counts)   This is a Case involving Parental Rights and the Petitioner being declared an "Unfit Parent."

5. What was your plea? (Check one)
   (a) Not guilty ☐
   (b) Guilty ☐          (Not Applicable:)
   (c) Nolo contendere ☐
   If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment, give details:
   N/A

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☐        (Not Applicable:)
   (b) Judge only ☐

7. Did you testify at the hearing?
   Yes ☒    No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☒    No ☐

08CV50056
JUDGE KAPALA
MAG.JUDGE MAHONEY

(2)

9. If you did appeal, answer the following:

   (a) Name of court __The Appellate Court Of Illinois, Second Judicial District__

   (b) Result __The Judgement Of The Circuit Court was AFFIRMED:__

   (c) Date of result and citation, if known __March 17, 2006. The Judgement was not cited:__

   (d) Grounds raised

                          (See Attached Sheet:)

   (e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

      (1) Name of court __Illinois Supreme Court__

      (2) Result __The Supreme Court refused to hear the Appeal.__

      (3) Date of result and citation, if known __April 16, 2007. The Case was not cited.__

      (4) Grounds raised

                          (See Attached Sheet:)

   (f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal: __Petitioner did not file a Writ Of Certiorari to the U.S. Supreme Court:__

      (1) Name of court _____

      (2) Result _____

      (3) Date of result and citation, if known _____

      (4) Grounds raised _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
   Yes ☐      No ☒

11. If your answer to 10 was "yes," give the following information:

   (a) (1) Name of court __N/A__

      (2) Nature of proceeding _____

      (3) Grounds raised _____

GROUNDS RAISED IN BOTH THE APPELLATE COURT
AND IN THE ILLINOIS SUPREME COURT PURSUANT
TO Page 3, Sections 9(d) and 9(e):

1. WHETHER THE TRIAL COURT MANIFESTLY ERRED AND ABUSED ITS DISCRETION WHEN IT ALLOWED MR. KEGEL TO PROCEED WITHOUT COUNSEL MID-WAY THROUGH THE UNFITNESS HEARING WITHOUT A DETERMINATION OF WHETHER MR. KEGEL KNOWINGLY AND INTELLIGENTLY WAIVED HIS STATUTORY RIGHT TO COUNSEL?

2. WHETHER THE TRIAL COURT'S FINDING OF UNFITNESS BASED ON SECTION 1(D)(r) OF 750 ILCS 50/1, IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, AND SHOULD BE REVERSED?

3. WHETHER THE TRIAL COURT'S FINDING OF UNFITNESS PURSUANT TO SECTION 1(D)(s) OF 750 ILCS 50/1, IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, AND SHOULD BE REVERSED?

4. WHETHER RESPONDENT FATHER'S RIGHTS TO DUE PROCESS WAS VIOLATED WHEN THE TRIAL COURT ALLOWED HIM TO REMAIN SHACKLED WHILE ATTEMPTING TO REPRESENT HIMSELF?

5. WHETHER RESPONDENT FATHER'S RIGHTS TO DUE PROCESS AND EQUAL PROTECTION WAS VIOLATED WHEN THE TRIAL COURT PROCEEDED WITH THE SHELTER CARE HEARING SECTION OF THE PETITION TO TERMINATE HIS PARENTAL RIGHTS WITHOUT HIS PRESENCE?

6. WHETHER THE CIRCUIT COURT ERRED IN DENYING MOTION FOR STAY OF JUDGEMENT PURSUANT TO ILLINOIS SUPREME COURT RULE 305?

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☑      No ☒

    (5) Result _____

    (6) Date of result _____

(b) As to any second petition, application or motion give the same information:

    (1) Name of court     **N/A**

    (2) Nature of proceeding _____

    (3) Grounds raised _____

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☐      No ☐    **(Not Applicable:)**

    (5) Result _____

    (6) Date of result _____

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
    (1) First petition, etc.      Yes ☐      No ☐    **(Not Applicable:)**
    (2) Second petition, etc.      Yes ☐      No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:
     **N/A**

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting the same.
    <u>Caution: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted you state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self–incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(h) Denial of right of appeal.

A.   Ground one: __(See Attached Sheets Setting Out Grounds One to Seven and supporting facts for Reversal Of The Appellate Court Decision:)__

Supporting FACTS (state *briefly* without citing cases or law) _____

_____

_____

_____

_____

_____

B.   Ground two: _____

Supporting FACTS (state *briefly* without citing cases or law) _____

_____

_____

_____

_____

_____

Page 5: Continued, Grounds For Relief In Habeas Corpus Proceedings:

Ground One: The Appellate Courts Ruling Should Be Reveresed Because The Circuit Court Erred And Abused Its Discretion Where The Appellate Courts Decision On Allowing Mr. Kegel To Proceed Without Counsel Was In Violation Of U.S. Supreme Court Case Law And In Violation Of The Statutes In Civil Proceedings.

Supporting Facts: That before a person in a Juvenile Adjudacation is or has been denied to represent himself after the court has removed appointed counsel, that a hearing must be conviened to determine if the Respondent Father knowingly and intellegently waived his statutory rights to counsel:

Ground Two: The Appellate Courts Ruling Should Be Reversed Because The State Failed To Allege Respondent's repeated incarcerations Prevented Him From Discharging His Parental Responsibilities.

Supporting Facts: The element of section 1(d)(r) requires the State to prove that prior RF's incarceration he had little or no contact with Amber K., or provided little or no support for Amber K. was not, and could not be proven by the State, because prior to RF's incarceration Amber K had not been born:

Ground Three: The Appellate Courts Ruling Should Be Reversed Because Under Section 1(D)(s) Of The Adoption Act Is Applied As Written, It Cannot Serve As The Basis For Terminating RF's Parental Rights.

Supporting Facts: Is that the termination hearing was on hold until a ruling was rendered in RF's criminal matter, that the Circuit Judge informed the RF's Attorney (R. Wilt) that he (Judge) had already determined to terminate RF's parental rights which the judge relayed to Judge Rosemary in open court in RF's Criminal Proceedings:

Ground Four: The Appellate Courts Ruling Should Be Reversed Because The RF Had To Remain In Shackles and That The <u>Boose</u> Standard Should Have Been Considered.

Supporting Facts: That RF's remaining in shackles hampered his ability to represent himself where RF attempted to present documents to the court and the court accused RF of trying to disrupt the proceedings, and threatened RF with contempt of court.

Ground Five: The Appellate Court's Ruling Should Be Reversed Because Illinois Law provides that RF has the Right To Be Present During Proceedings Under The Juvenile Court Act.

Supporting Facts: During the Shelter Care Hearing held on October 27, 2004, RF's right to be present at that hearing was violated by the Circuit Court and was up-held by the Appellate Court in violation of the Juvenile Court Act:

Ground Six: The Appellate Court's Decision Should Be Reversed Because The Ruling To Uphold The Circuit Court's Ruling To Deny RF's Request For A Stay Of Judgement Violated Illinois U.S. Supreme Court Rulings and Rules.

Supporting Facts: That the Illinois Supreme Court Rules, Rule 305(e)(1) and (e)(2) allows for a RF to stay for 60 days the Order Of Termination of Parental Rights until the appeal is finalized or the stay is lifted. All Rules Of The Illinois Supreme Court must be adhered to by the Illinois Courts.

   C.     Ground three: _____

        Supporting FACTS (state *briefly* without citing cases or law) _____

   D.     Ground four: _____

        Supporting FACTS (state *briefly* without citing cases or law) _____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

   All Grounds have been presented to the State Appellate Court and to the Illinois Supreme Court.

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
   Yes ☐    No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of judgment attacked herein:

   (a)   At preliminary hearing  In the Proceedings had in the Circuit Court, Appellate Court and Illinois Supreme Court Petitioner represented himself:

   (b)   At arraignment and plea _____

(c) At trial _____

_____

(d) At sentencing _____

_____

(e) On appeal _____

_____

(f) In any post–conviction proceeding _____

_____

(g) On appeal from any adverse ruling in a post–conviction proceeding _____

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and the same time?
    Yes ☐   No ☐   **(Not Applicable:)**

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    Yes ☐   No ☐   **(Not Applicable:)**
    (a) If so, give name and location of court which imposed sentence to be served in the future: _____

    _____

    (b) Give date and length of the above sentence: _____

    _____

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
        Yes ☐   No ☐

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

03/28/08
(date)

_____
Signature of Petitioner

## RELIEF REQUESTED:

1. Petitioner requests that this U.S. District Court grant him a 60 day Extension Of Time so that Petitioner Kegel can appropriately research and put together an "MEMORANDUM OF LAW" In Support of his Ground's For Relief under Habeas Corpus Proceedings. That Petitioner is hampered here at the The Graham Correctional Center because the Law Library as of this writing is only operational one day each week for the Petitioner to do legal research, and, that a 60 day Extension Of Time to submit an Memorandum Of Law is not unreasonable because the Graham Correctional Center in in the process of hiring a Full-Tim Librarian to operate the Law Library from 12:30 p.m. to 8:30 p.m. Monday thru Friday begining in or after the Month of April.

That to adequately present the proceedings and issue's contained in the Petition For Habeas Corpus Petitioner must have enough time to present his facts and to have enough time to respond to any responses against said Petition For Habeas Corpus Relief.

Respectfully Submitted,

_____
TODD KEGEL-PETITIONER, PRO-SE

DATED: 03/28, 2008.

CASE NUMBER: _____

## DECLARATION
### NOTICE OF FILING & PROOF OF SERVICE

I, **TODD KEGEL**, have prepared this Declaration in accordance with the provisions of FRAP 25(a)(2)(C) [Inmate Filing], FRAP 25(d) [Proof of Service], 28 U.S.C. §1746 [Unsworn Declarations Under Penalty of Perjury], and 18 U.S.C. §1621 [Perjury Generally].

NOTICE OF FILING is hereby given to the following parties:

TO: Clerk of the Court
U.S District Court
Eastern Division
219 S. Dearborn St. 20th fl.
Chicago, Illinois 60604

TO: Lisa Madigan
Illinois Attorney General
500 S. 2nd St.
Springfield, Illinois 62706

TO: Andrew K. Ott
Warden
Graham Correctional Center
P.O. Box 499
Hillsboro, Illinois 62049

TO: _____

PLEASE TAKE NOTICE that on the date shown below I have filed the original and ____ copies of the documents listed hereafter with the above Court, and served one copy on the parties (or counsel) at their respective addresses listed above. The documents mailed are as follows:

1. **Petition** For Writ Of Habeas Corpus By A Person In State Custody
2. **Notice Of Filing & Proof Of Service**
3.
4.
5.
6.

### PROOF OF SERVICE

Service was accomplished by placing the above documents in envelopes addressed as shown herein, and then placing said envelopes in the U.S. Mail service at the Graham Correctional Center, Hillsboro, IL, 62049. An authorization conforming to Illinois Department of Corrections regulations for the pre-payment of first-class postage was attached to the aforesaid legal envelopes. Said envelopes and the authorization were deposited in the institution's mailing system for outgoing legal mail on the 27th day of March, 2008.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. 28 U.S.C. §1746; 18 U.S.C. §1621.

Subscribed and sworn to before me this 28th day March 2008

/s/ TODD KEGEL
Box 500, Reg.No. R-14664
Graham Correctional Center
Hillsboro, IL 62049

"OFFICIAL SEAL"
Gary D. Perkins
Notary Public, State of Illinois
My Commission Exp. 04/02/2008

# 08C50056

**RECEIVED**

APR - 7 2008

POST MARKED envelope for initiating document.

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## JUDGE KAPALA

## MAGISTRATE JUDGE MAHONEY

